# LENNON, MURPHY & LENNON, LLC – *Attorneys at Law*

| | | |
|---|---|---|
| The GrayBar Building | Patrick F. Lennon - *pfl@lenmur.com* | Tide Mill Landing |
| 420 Lexington Ave., Suite 300 | Charles E. Murphy – *cem@lenmur.com* | 2425 Post Road |
| New York, NY 10170 | Kevin J. Lennon – *kjl@lenmur.com* | Southport, CT 06890 |
| *phone* (212) 490-6050 | Nancy R. Peterson – *nrp@lenmur.com* | *phone* (203) 256-8600 |
| *fax* (212) 490-6070 | | *fax* (203) 256-8615 |

August 29, 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/31/07

**By Hand**
Hon. William H. Pauley
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:   **The Rice Co. v. Express Sea Transport Corp.**
      Docket No.: 07 Civ. 7077 (WHP)
      LML ref: 1213

Dear Judge Pauley:

    We have been retained to represent the defendant, Express Sea Transport Corp. ("ESTC") in the above referenced action commenced on or about August 9, 2007 by the Plaintiff pursuant to Supplemental Admiralty Rule B. At the plaintiff's request, the Court issued an Ex Parte Order for issuance of Process of Maritime Attachment and Garnishment of ESTC's property in the sum of $4,946,170.13. Since the issuance of the Ex Parte Order plaintiff has been daily serving a variety of garnishee banks within the Southern District of New York seeking to attach ESTC's property as security for plaintiff's dubious claim emanating from an alleged breach by ESTC of an April 4, 2007 charter party between them. The plaintiff's substantive claim will be the subject of arbitration in London, England that has already been commenced as of July 17, 2007 when Plaintiff appointed its arbitrator, and the arbitration panel was fully constituted on July 23, 2007 when ESTC appointed its arbitrator. Thus, this proceeding is merely ancillary to the London arbitration and can only be for the sole purpose of plaintiff's desire to obtain security for its claims against ESTC. It is noteworthy in this regard that plaintiff has taken no further steps to advance its claim in the arbitration.

    This letter is respectfully submitted pursuant to Supplemental Admiralty Rule E(4)(f) for the purpose of requesting an immediate post-attachment hearing. The reason ESTC makes this request is because since the dispute arose between the parties, ESTC has offered to provide Plaintiff with security for its claim. ESTC very promptly offered to provide Plaintiff with security for its alleged claim. In fact, the offer by ESTC to secure plaintiff's claims was first made on July 24, some time prior to the proceedings before this court, by ESTC's English counsel to plaintiff's English counsel, but without comment, acknowledgement or response from

\

Hon. William H. Pauley
August 29, 2007
Page two

---

plaintiff's English counsel of any kind. The said correspondence was mentioned subsequently, and the offer was reiterated again last Friday by ESTC's English counsel after they became aware of the Rule B order and its service on various banks. Only after this latter offer did plaintiff provide ESTC with a reply, and even then simply rejected the offer of security. Since then, ESTC's representatives have been attempting to negotiate an agreement on security with plaintiff's representatives.

Unfortunately, rather than come to agreement on security after ESTC's offers plaintiff decided to come to this Court to seek the draconian remedy of an ex parte attachment order over ESTC's assets, which among other things will undoubtedly cause substantial disruption to ESTC's business. ESTC submits that because the arbitration has already been commenced in London and because ESTC has been, and remains, ready and willing to provide plaintiff security for its claims there is no basis for plaintiff to be permitted to continue to serve the Ex Parte Order and PMAG and to disrupt ESTC's business.

In addition, Plaintiff's claim against ESTC is grossly overstated in terms of the damages claimed. Accordingly, ESTC is entitled to a reduction in the amount of the attachment order pursuant to Supplemental Admiralty Rule E(6). ESTC also intends to assert a counterclaim against plaintiff for its own claim for compensation stemming from plaintiff's failure to account for monies owed by it to ESTC for the completion of the cargo voyage to Bandar Imam Khomeini, Iran, in breach of the agreement between them. Accordingly, ESTC will demand countersecurity from plaintiff pursuant to Supplemental Admiralty Rule E(7).

Accordingly, in light of the foregoing, <u>ESTC respectfully requests an immediate post-attachment hearing in accordance with Supplemental Admiralty Rule E(4)(f)</u>. ESTC also respectfully requests, in the interim, an order temporarily restraining plaintiff from further serving the Ex Parte Order and PMAG pending the post-attachment hearing at which plaintiff shall be required to show cause why it has refused to accept ESTC's offer of security and why the attachment should not otherwise be vacated and/or reduced and in the alternative why plaintiff should not be required to provide countersecurity to ESTC.

Respectfully submitted,

[signature]
Patrick F. Lennon

PFL/bhs

*Application granted. The parties are directed to appear for a conference on Sept. 10, 2007.*

SO ORDERED:

[signature]
WILLIAM H. PAULEY III U.S.D.J.

8/31/07

2

Hon. William H. Pauley
August 29, 2007
Page three

_____

cc:     **_Via Facsimile: (212) 669-0699_**
        Keith B. Dallen, Esq.
        Thomas Willoughby, Esq.
        Andrew R. Brown, Esq.
        Hill, Rivkins & Hadyen
        45 Broadway, Suite 1500
        New York, NY 10006