Attorneys for Defendant
EXPRESS SEA TRANSPORT CORPORATION
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone:   (212) 490-6050
Facsimile:    (212) 490-6070
Patrick F. Lennon (PL 2162)
Charles E. Murphy (CM 2125)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE RICE COMPANY,                                  :
                                                                       :
                                    Plaintiff,             :              07 Civ. 7077 (WHP)
                                                                       :
            - against -                                        :              ECF Case
                                                                       :
EXPRESS SEA TRANSPORT CORPORATION,  :
                                                                       :
                                    Defendant.          :
                                                                       :
------------------------------------------------------------X

## VERIFIED ANSWER WITH COUNTERCLAIM

Defendant, Express Sea Transport Corporation, (hereinafter "Defendant") through its attorneys, Lennon, Murphy & Lennon, LLC, responds, upon information and belief, to the Verified Complaint filed August 9, 2007 of Plaintiff, The Rice Company (hereinafter "Plaintiff") as follows:

1. Admit that this is an admiralty or maritime claim within the meaning or Rule 9(h) of Fed.R.Civ.P. and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333, and except as so admitted, deny the remainder of the allegations of Paragraph One of the Verified Complaint.

2. Admit the allegations contained in Paragraph Two of the Verified Complaint.

3. Admit the allegations of Paragraph Three of the Verified Complaint.

4. Admit the allegations of Paragraph Four of the Verified Complaint.

5. Admit the allegations of Paragraph Five of the Verified Complaint.

6. Admit that disputes arose under the subject charter party, and except as so admitted, deny the remainder of the allegations of Paragraph Six of the Verified Complaint.

7. Admit the allegations of Paragraph Seven of the Verified Complaint.

8. Deny the allegations of Paragraph Eight of the Verified Complaint.

9. Deny the allegations of Paragraph Nine of the Verified Complaint.

10. Deny knowledge or information sufficient to form a belief as to Paragraph 10 of the Verified Complaint.

11. Deny the allegations contained in Paragraph Eleven of the Verified Complaint.

12. Deny the allegations contained in Paragraph Twelve of the Verified Complaint.

13. Admit that Plaintiff has sought to attach pursuant to Admiralty Rule B $4,946,170.13 plus interest, but deny that Plaintiff is entitled to an Attachment Order.

### **AFFIRMATIVE DEFENSES**

14. The Verified Complaint fails to state a cause of action upon which relief may be granted.

15. Plaintiff has improperly and/or insufficiently served process upon Defendant.

16. This forum is improper because the claims asserted by Plaintiff must be resolved in London arbitration pursuant to the charter party contract.

17. Plaintiff has unclean hands, *i.e.*, it alleges damages sustained as a result of an illegal voyage to Iran, which voyage violated U.S. law/trade sanctions, such that the Court's Maritime Attachment Order dated August 9, 2007 should be vacated.

18.     Plaintiff has unreasonably refused Defendant's offers to post security for Plaintiff's claim such that the Court's Maritime Attachment Order dated August 9, 2007 should be vacated.

19.     Plaintiff's claims are overstated and, therefore, the Court's Maritime Attachment Order dated August 9, 2007 should be reduced to a reasonable sum.

### AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFF, DEFENDANT ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

20.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

21.     On or about April 4, 2007, Plaintiff, as charterer, and Defendant, as disponent owner, entered into a time charter party for the charter of the M/V APOSTOLOS II ("Vessel") for a period of between 11 and 13 months.

22.     Certain disputes arose between Defendant and Plaintiff regarding *inter alia* Plaintiff's breach of the charter party and Plaintiff's breach of the parties' subsequent agreement as described below.

23.     As a result of Plaintiff's breach of the charter party contract and subsequent agreement, Defendant has sustained damages in the total principal amount of $877,760.42, exclusive of interest, arbitration costs and attorneys' fees in the arbitration.

24.     Pursuant to Clause 73 of charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

25.     The parties are currently engaged in an ongoing London arbitration to resolve their claims and counterclaims.

26.    Defendant's counterclaim concerns *inter alia* Plaintiff's breach of the charter party and a subsequent agreement which arose out of the Vessel's withdrawal by Defendant, which contracts formed the basis of Plaintiff's action against Defendant. Therefore, this counterclaim arises from the same transaction that forms the basis of Plaintiff's claim.

27.    Regarding Plaintiff's Verified Complaint at ¶ 11(k), Plaintiff's calculation of "*Monies due TRC under final hire statement*" fails to take account of the agreement between the parties which arose out of the Vessel's withdrawal pursuant to which Plaintiff agreed to pay Defendant a *quantum meruit* in respect of the completion of the voyage to Iran which was underway at the time the Vessel was withdrawn.

28.    That voyage was from Bunbury, Australia to Bandar Imam Khomeini, Iran. At the time of the Vessel's withdrawal, pursuant to the Plaintiff's voyage instructions, the Vessel was en route to Iran with a cargo of 33,455 mts Sandy Calcined Metallurgical Grade Alumina.

29.    Pursuant to the parties' agreement that a *quantum meruit* would be payable by Plaintiff in respect of the balance of the voyage, the Vessel proceeded to and discharged her cargo at Bandar Imam Khomeini, Iran before departing on August 3, 2007, and dropping the outward sea pilot at 1830 UTC the same day. The *quantum meruit* is therefore payable in respect of the period from withdrawal – 2320 on July 3, 2007 – to completion of the voyage which was then underway – 1830 on August 3, 2007 – which equates to 30 days, 19 hours and 10 minutes (or 30.798611 days).

30.    The amount of $28,500 per day was agreed as payable by the Plaintiff to Defendant by way of *quantum meruit* in respect of the continuing services provided by Defendant. Plaintiff is accordingly liable to Defendant in the amount of $877,760.42, *exclusive* of interest, costs, and attorneys' fees in the arbitration.

31.    Given Plaintiff's failure to pay the *quantum meruit* due, Defendant's counterclaim, *inclusive* of interest cost and legal fees in the arbitration, totals $1,171,585.80.

32.    Defendant currently holds the sum of $697,565.13, *i.e.*, hire paid late by Plaintiff, after Defendant's right to withdraw had accrued. As Defendant's counterclaim is already secured to the extent of $697,565.13, it is therefore undersecured to the extent of $474,020.67. Thus, Defendant seeks an order of countersecurity from Plaintiff in the amount of $474,020.67.

**WHEREFORE**, Defendant prays that a Judgment be entered dismissing the Verified Complaint herein and that it be awarded judgment in its favor against Plaintiff on its counterclaim; that it also be awarded all costs, expenses and attorneys' fees incurred in connection with the defense of this action and counterclaim; and this Court grant such other, further and different relief as may be just and proper in the premises, including but not limited to an award of countersecurity pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in its favor in the amount of $474,020.67.

Dated: New York, New York
September 17, 2007

The Defendant,
EXPRESS SEA TRANSPORT CORPORATION,

By: _/s/ Charles E. Murphy_
Charles E. Murphy (CM 2125)
Patrick F. Lennon (PL 2162)
LENNON MURPHY & LENNON, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 (phone)
(212) 490-6070 (fax)
cem@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )    ss.:    Town of Southport
County of Fairfield   )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney with the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Defendant.

4. I have read the foregoing Verified Answer with Counterclaim and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Defendant is that the Defendant is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Defendant and agents and/or representatives of the Defendant.

7. I am authorized to make this Verification on behalf of the Defendant.

Dated: New York, New York
       September 17, 2007

                                               _____
                                               Charles E. Murphy

6

## AFFIRMATION OF SERVICE

I hereby certify that on September 17, 2007, a copy of the foregoing Verified Answer with Counterclaim was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.